IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )   Criminal Action No. 06-106-GMS<br>)<br>JOSEPH BENTLEY, )<br>)<br>Defendant. ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Colm F. Connolly, United States Attorney for the District of Delaware, and the Defendant, Joseph Bentley, by and through his attorney, Thomas A. Dreyer, Esquire, the following agreement is hereby entered into by the respective parties:

1. The Defendant shall plead guilty in the United States District Court for the District of Delaware to Count III of the Indictment. Count III charges him with distribution of heroin and fentanyl resulting in the death of another individual, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). The Defendant understands that the maximum penalties for Count III are life imprisonment, with a mandatory minimum term of twenty years imprisonment, a fine of $1,000,000, five years of supervised release with a minimum of three years of supervised release, and a $100 special assessment.

2. The Defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty. For Count III, the elements are: (1) on or about April 28, 2006, the defendant knowingly distributed a

controlled substance; (2) the controlled substance contained heroin and fentanyl; (3) the controlled substance was used by, and resulted in the death of, another person.

3.  The Defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. Because of the Defendant's timely notification of his intent to plead guilty, the government will recommend that the he receive a three-level reduction in his guideline range for acceptance of responsibility. U.S.S.G. § 3E1.1(b). The Defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

4.  The Defendant agrees that on the day of sentencing he will pay the $100 special assessment on the day of sentencing and will reimburse the Estate of Seth Boyd for the funeral, ambulance, medical, and burial expenses related to Seth Boyd's death. Should the Defendant fail to pay the special assessment or reimbursement to the Estate of Seth Boyd at sentencing, he agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of Defendant's prison salary and apply it on Defendant's behalf to the payment of the outstanding debt ordered.

5.  The Defendant abandons any right, title and interest that he may have in any firearm or ammunition seized by the Delaware State Police in May 2006. The defendant also agrees to execute all documents requested by the government to effect his abandonment, and agrees that the Bureau of Alcohol, Tobacco, Firearms, and Explosives may dispose of the firearms and ammunition in whatever manner it deems appropriate.

6. The defendant agrees to forfeit any United States currency seized from him by the Delaware State Police and/or Drug Enforcement Administration in 2006.

7. The government agrees that it will move to dismiss Counts I, II, IV, V, and VI on the day of sentencing.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____  
Thomas A. Dreyer, Esquire  
Attorney for Defendant

_____  
Colm F. Connolly  
United States Attorney

_____  
Joseph Bentley  
Defendant

Dated: 9/28/06

AND NOW, this 8th day of Nov., 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

_____  
GREGORY M. SLEET  
UNITED STATES DISTRICT JUDGE

FILED  
NOV - 8 2006  
U.S. DISTRICT COURT  
DISTRICT OF DELAWARE